UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JUNE B.,                                         )
                                                 )
                    Plaintiff,                   )
                                                 )
          v.                                     )      No. 1:25-cv-02456-TAB-JPH
                                                 )
FRANK BISIGNANO COMMISSIONER OF                  )
SOCIAL SECURITY,                                 )
                                                 )
                    Defendant.                   )

**ORDER ON PLAINTIFF'S
BRIEF IN SUPPORT OF APPEAL**

**I.      Introduction**

Plaintiff June B. challenges the Social Security Administration's denial of her application for disability insurance benefits.  Plaintiff raises various issues with the Administrative Law Judge's decision, such as Plaintiff's residual functional capacity should have included limitations to account for her moderate limitations in concentration, persistence, and pace; moderate limitations in adapting or managing oneself; headaches; and epicondylitis.  However, Plaintiff most persuasively argues that the ALJ improperly substituted his own lay understanding for that of medical professionals.  The Court agrees the ALJ's analysis is lacking.  Therefore, for reasons stated below, Plaintiff's request for remand is granted.  [Filing No. 11.]

**II.    Background**

On April 5, 2023, Plaintiff filed a Title II application for disability insurance benefits. She also filed a Title XVI application for supplemental security income on April 7, 2023.  In both applications, Plaintiff alleged disability beginning February 1, 2023.  The SSA denied Plaintiff's claims initially and upon reconsideration.  Following a hearing, the ALJ determined that Plaintiff was not disabled.

The ALJ followed the SSA's five-step sequential process to determine if Plaintiff was disabled.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 1, 2023, the alleged onset date.  At step two, the ALJ determined that Plaintiff had the following severe impairments: Hepatitis C, right hip replacement, anxiety, depression, bipolar disorder, attention deficit hyperactivity disorder, posttraumatic stress disorder, and obesity.  [Filing No. 8-2, at ECF p. 21.]

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I.  Before reaching step four, the ALJ determined Plaintiff's residual functional capacity, or her remaining ability to work despite her limitations.  The ALJ concluded that Plaintiff had the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c), except "frequently climbing ramps or stairs; never climbing ladders, ropes or scaffolds; frequently balancing, stooping, kneeling, crouching, and crawling.  She can have occasional interaction with supervisors, coworkers and the public.  She cannot work at production rate pace or meet strict quota production requirements, but can meet all end-of-day goals."  [Filing No. 8-2, at ECF p. 23.]

At step four, the ALJ concluded that Plaintiff had no past relevant work.  Finally, at step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff could perform through her date last insured, including housekeeper, cleaner, and stock clerk.  [Filing No. 8-2, at ECF p. 28.]  Accordingly, the ALJ concluded that Plaintiff was not disabled.

## III.    Discussion

Plaintiff raises a myriad of issues with the ALJ's decision that largely relate to the fact that the ALJ had no medical opinion to consider when crafting Plaintiff's RFC and improperly relied on his own independent interpretation of medical evidence.  The Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence.  *See, e.g., Biestek v. Berryhill*, 587 U.S. 97, 99, 139 S. Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings shall be conclusive if supported by substantial evidence." (Internal quotation marks omitted)).  "The threshold for substantial evidence is not high." *Thorpe v. Bisignano*, 148 F. 4th 432, 437 (7th Cir. 2025) (internal citation and quotation marks omitted).  In addition, the Court reviews "to determine whether [the ALJ's decision] reflects an adequate logical bridge from the evidence to the conclusions." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).  "The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner.  Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds could differ concerning whether the claimant is disabled." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citations, quotation marks, and brackets omitted).

Plaintiff argues that the ALJ impermissibly played doctor and independently interpreted medical evidence.  [Filing No. 11, at ECF p. 16.]  Plaintiff points out that no medical experts

3

provided any opinions regarding Plaintiff's psychological or physical impairments. The only "opinion" in the record is a non-opinion from the state agency consultants, who did not find Plaintiff had any medically determinable impairments, due to insufficient evidence. The ALJ deemed that opinion to be unpersuasive. [Filing No. 8-2, at ECF p. 26.] Plaintiff never had any consultative examinations, physical or psychological. Thus, there are no actual opinions regarding Plaintiff's impairments that the ALJ could have taken into consideration in determining Plaintiff's RFC.

"[T]he caselaw in this Circuit supports the assertion that an ALJ rejecting all medical opinions may, but does not always, create an evidentiary gap in the record that requires remand." *Michael B. v. Bisignano*, No. 4:24-cv-00043-KMB-TWP, 2025 WL 1770747, at *2 (S.D. Ind. June 26, 2025). "The RFC is an administrative determination and the ALJ does not have to choose from a 'menu' of opinions offered. However, when the ALJ rejects the opinions of record and the rest of the record does not support the RFC, the ALJ leaves an evidentiary deficit." *Roberts v. Bisignano,* No. 4:25-cv-32-TLS, 2026 WL 1074099, at *7 (N.D. Ind. April 20, 2026) (internal citations omitted). *See also E. v. Comm'r of Soc. Sec.*, No. 25 CV 1290, 2026 WL 837161, at *4–5 (N.D. Ill. Mar. 26, 2026) ("The ALJ's decision needs to contain what is necessary to build a logical bridge between the evidence in the record and her ultimate conclusions, whatever those conclusions may be." (Internal citations, quotation marks, and brackets omitted)).

The Commissioner claims the ALJ adequately assessed Plaintiff's RFC and Plaintiff cannot point to any specific evidence that required medical scrutiny or demonstrate that the ALJ erred in his consideration of any specific aspect of Plaintiff's claim. In support, the Commissioner cites multiple cases; however, those cases are distinguishable because—unlike the

present case—they all involved an ALJ weighing medical opinions as to the claimant's abilities and limitations.  *See, e.g., Vang v. Saul*, 805 Fed App'x 398, 401 (7th Cir. 2020) (giving partial weight to primary care physician's opinion); *Jozefyk v. Berryhill*, 923 F.3d 492, 495-96 (7th Cir. 2019) (agency psychologists' opinions given great weight and treating physician's opinion found credible); *Vrooman v. Kijakazi*, No. 20-2939, 2021 WL 3086196, at *2 (7th Cir. July 7, 2021) (ALJ presented with conflicting medical opinions and had to resolve conflict).  In the present case, no doctor assessed Plaintiff's abilities at all.  Plaintiff did not attend any consultative examinations resulting in medical opinions, and the state agency record reviewers at both the initial and reconsideration level found that the evidence was insufficient to find that Plaintiff had any medically determinable impairments and made no RFC recommendations.

While Plaintiff also shoulders a responsibility to provide evidence, the ALJ has a responsibility to recognize when further review of the record provided is needed.  *See, e.g., Suide v. Astrue*, 371 Fed. App'x 684, 690 (7th Cir. 2010) ("When an ALJ denies benefits, she must build an accurate and logical bridge from the evidence to her conclusion, and she is not allowed to "play doctor" by using her own lay opinions to fill evidentiary gaps in the record.  Although Suide shares the blame for failing to clarify the record discrepancy regarding the length of Dr. Orris's treatment, it was the ALJ's responsibility to recognize the need for further medical evaluations of Suide's conditions before making her residual functional capacity and disability determinations."  (Internal citations and quotation marks omitted)); *see also Yurt v. Colvin*, 758 F.3d 850, 860 (7th Cir. 2014) ("Although we have recognized the claimant's obligation to explain why certain conditions are disabling, it is the ALJ who carries the burden of developing the record."  (Internal citations omitted)).

5

With no medical opinions to consider, the ALJ was left with an evidentiary deficit. *See Roberts*, 2026 WL 1074099, at *7. Nevertheless, at step two, the ALJ determined that Plaintiff had the following severe impairments: Hepatitis C, right hip replacement, anxiety, depression, bipolar disorder, attention deficit hyperactivity disorder, posttraumatic stress disorder, and obesity. [Filing No. 8-2, at ECF p. 21.] The ALJ went on to conclude, on his own, that Plaintiff could perform medium work. The ALJ should not have filled that deficit with his own lay understanding of the medical evidence. *See, e.g., Michael B.*, 2025 WL 1770747, at *4 ("[T]he ALJ rejected all of the medical opinions and then impermissibly filled the resulting evidentiary gaps with his own lay opinion. That latter step is the one that requires reversal and remand of the ALJ's decision."). Rather, he should have summoned a medical expert to review Plaintiff's medical records and offer an opinion grounded in the evidence, rather than filling the gaps himself. Thus, remand is warranted for these steps to be taken and a re-evaluation of the evidence to occur.[1]

## IV.    Conclusion

For all these reasons, Plaintiff's request for remand is granted. [Filing No. 11.] This matter is remanded for further administrative proceedings.

Date: 7/24/2026

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[1] Plaintiff raises additional arguments related to the RFC, such as that the ALJ should have included limitations to accommodate her moderate limitations in concentration persistence, and pace; explained how she is capable of working a job requiring end-of-day goals; addressed her moderate limitations with adapting or managing oneself; accounted for functional limitations from her headaches; and discussed her diagnosis and treatment for epicondylitis. In addition, she argues that the ALJ erred in assessing her subjective symptoms solely based on objective medical evidence. These concerns should be addressed on remand, after medical opinions are acquired.

Distribution:

All ECF-registered counsel of record via email